**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOHN EDWARD BOWE,

                                        Plaintiff,

                    v.                                              No. 8:18-CV-0992
                                                                    (TJM/CFH)
TOM WILSON, Chairman, CEO, President,
Allstate Insurance; ALLSTATE INS. CORP.,

                                        Defendants.

_____

**APPEARANCES:**

John Edward Bowe
61 Hopkinton Lane #203
Au Sable Forks, New York 12912
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I.  In Forma Pauperis Application

Plaintiff pro se John Edward Bowe commenced this action on August 17, 2018 with

the filing of a complaint.  Dkt. No. 1 ("Compl.").  In lieu of paying this Court's civil filing fee,

plaintiff filed an application to proceed In Forma Pauperis ("IFP").  Dkt. No. 2.  After

reviewing plaintiff's IFP application, the undersigned determines that plaintiff may properly

proceed IFP.[1]

_____

[1]  Plaintiff is advised that, despite his IFP status, he will still be required to pay any fees he incurs
in this action, including copying fees and witness fees.

**II. Initial Review**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims.  Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

2

(1) a short and plain statement of the grounds for the court's jurisdiction . . .;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B. Complaint

Here, plaintiff provides that defendant Tom Wilson is a citizen of the State of Illinois, and that defendant Allstate Insurance Corporation ("Allstate") is incorporated under the

3

laws of the State of Illinois, and has its principal place of business in Illinois.  <u>See</u> Compl. at 4.  Plaintiff provides that he is a citizen of New York.  <u>See</u> <u>id.</u> at 1.  Plaintiff has also alleged damages amounting to $100,000.  <u>See</u> <u>id.</u>  Thus, plaintiff has established diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.

Plaintiff alleges that on or about August 20, 2015, a motorist insured by Allstate struck him as he was walking in Lake Placid, New York.  Compl. at 4.  On or about December 28, 2016, plaintiff requested by certified mail that Allstate provide for the release of the $100,000 liability insurance coverage.  <u>Id.</u>  Allstate refused to contact plaintiff or "release the funds without conditions."  <u>Id.</u>  On May 8, 2017, plaintiff "noticed by certified mail that Mr. Wilson release the uncontested liability funds amount."  <u>Id.</u>  Plaintiff sent subsequent notices to Mr. Wilson in July 2017 and March 2018.  <u>Id.</u>  Mr. Wilson failed to respond to plaintiff's requests.  <u>Id.</u>  Plaintiff claims that he is unable to pay for medical expenses resulting from the accident.  <u>Id.</u> at 5.  Plaintiff demands "immediate release of the amount of the liability funds[.]"  <u>Id.</u>

Plaintiff argues that defendants failure to release the funds violate title 11, §§ 216.1, 216.2 of the New York Codes, Rules and Regulations.  Compl. at 5.

### C. Analysis[2]

It is unclear under which section of New York State Insurance Law plaintiff attempts to bring his claims.  To the extent that plaintiff references title 11, §§ 216.1, 216.2 of the

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff <u>pro</u> <u>se</u>.

New York Codes, Rules and Regulations, the undersigned finds that such a claim cannot stand.  See Compl. at 5.  It is well-settled that "New York Insurance Law Section 2601[3] and part 216 of New York's insurance regulations do not provide individuals with private causes of action."  Harner v. Allstate Ins. Co., No. 11-CV-2933 (CS), 2012 WL 12326459, at *7 (S.D.N.Y. Sept. 7, 2012) (citing De Marinis v. Tower Ins. Co., 774 N.Y.S.2d 436, 437 (N.Y. App. Div. 2004)); see Gucciardo v. Reliance Ins. Co., 84 F. Supp. 2d 399, 403 (E.D.N.Y. 2000) ("The Plaintiff's fourth cause of action, alleged under N.Y. Insurance Law § 2601, which prohibits unfair claim settlement practices, does not support an award of damages because that statute grants no private right of action to an insured, . . . but merely permits the New York State Department of Insurance to punish violators."); Violet Realty, Inc. v. Affiliated FM Ins. Co., 267 F. Supp. 3d 384, 390 (W.D.N.Y. 2017) ("It is well settled that there is no private right of action under § 2601.") (citing Rocanova v. Equitable Life Assurance Soc'y of the U.S., 83 N.Y.2d 603, 614 (N.Y. 1994) ("[T]he law of this State does not currently recognize a private cause of action under Insurance Law § 2601.")).  Thus, insofar as plaintiff attempts to bring his claim pursuant to either New York Insurance Law Section 2601 or part 216 of New York's insurance regulations, it is recommended that these claims be dismissed with prejudice because there exists no provision allowing for a private cause of action.

   To the extent that plaintiff's complaint may be interpreted as attempting to set forth a claim under section 3420 of the New York Insurance Law, it is unclear as to whether

---

[3] Similar to 11 N.Y.C.R.R. § 216, Insurance Law § 2601 prevents an insurer doing business in New York from "engag[ing] in unfair claim settlement practices."  N.Y. INS. LAW § 2601(a).

plaintiff may maintain a cause of action.  The New York Court of Appeals, addressing whether an injured party, or non-signatory to the insurance policy, can bring an action against the tortfeasor's insurance company for a determination of coverage issues, stated that

> [u]nder the common law, an injured person possessed no cause of action against the insurer of the tort feasor.  When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier.  A direct suit by an injured party against the tortfeasor's insurer was thus unknown to the common law.

Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 353 (N.Y. 2004) (internal quotation marks and citation omitted).  Section 3420 acts as an exception to the common law rule set forth in Lang by "allow[ing] an injured party to sue an insurance company when a judgment against the insured person has been entered and remains unsatisfied for 30 days from the serving of notice of judgment."  Curet v. United Nat. Ins. Co., 785 F. Supp. 2d 440, 442 (S.D.N.Y. 2011) (citing N.Y. Ins. Law § 3420(a)(2)).  Thus, a state court judgment against the insured party is a prerequisite for filing an action against the tortfeasor's insurance company.  See id.

Here, plaintiff's complaint is unclear as to whether he has a judgment of liability against the insured party that has remained unsatisfied for thirty days.  See generally Compl.

Accordingly, it is recommended that, to the extent that plaintiff attempts to set forth claims under N.Y. Ins. Law § 3420(a)(2), plaintiff's claim be dismissed without prejudice and with opportunity to amend to specify whether he has a judgment of liability against the

6

insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**ORDERED**, that plaintiffs' motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED**:

(1) Insofar as plaintiff sets forth claims under title 11, § 216 of the New York Codes, Rules and Regulations or New York Insurance Law section 2601, these claims be **DISMISSED WITH PREJUDICE**;

(2) Insofar as plaintiff sets forth claims under New York Insurance Law section 3420, these claims be **DISMISSED WITHOUT PREJUDICE** and with opportunity to amend to specify whether plaintiff has a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation he attempts to bring his claims; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, plaintiff be provided thirty days from the date of any order adopting this Report-Recommendation and Order to file an amended complaint, and should plaintiff decline to file an amended complaint within that time, the case be dismissed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation

7

and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

Dated: September 24, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).