**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

—————————————————————————

**JOHN EDWARD BOWE,**

        **Plaintiff,**

        **v.**                         **8:18-CV-0992**

**TOM WILSON, Chairman, CEO, President,**
**Allstate Insurance; ALLSTATE INS. CORP.,**

        **Defendants.**

—————————————————————————

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

## I.     INTRODUCTION

Plaintiff commenced this diversity action *pro se* and moved for leave to proceed *in forma pauperis.* The Hon. Christian F. Hummel, United States Magistrate Judge, granted plaintiff's motion and conducted an initial review of the claims alleged in plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). See Sept. 4, 2018 Report-Recommendation and Order, Dkt. No. 4. Based on this review, Magistrate Judge Hummel recommends that plaintiff's complaint be dismissed, and that: (1) insofar as plaintiff sets forth claims under title 11, § 216 of the New York Codes, Rules and Regulations or New York Insurance Law section 2601, these claims be dismissed with prejudice; and (2) insofar as plaintiff sets forth claims under New York Insurance Law section 3420, these claims be dismissed without prejudice and with an opportunity to amend to specify whether plaintiff has a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims. Rep.-Rec.& Ord., at 7.

Magistrate Judge Hummel further recommends that, if the Court adopts these recommendations, plaintiff be given thirty days to file an amended complaint. Id.

Plaintiff filed a document titled "Objection to the Report-Recommendation and Order." Dkt. No. 5. In this document, plaintiff asserts that he "objects to the Report and Order dated September 24, 2018;" that he "will further specify his complaint with exhibits in an amended complaint that will follow within the time specified;" that he "will submit detailed documentation of the claim against Tom Wilson, Allstate Insurance Corp. with Exhibits;" that he objects to "the Analysis" and "the Conclusion" in the  the Report-Recommendation and Order; and that he will "submit any and all available documentation regarding applicable violations of the defendants . . . [and] any and all findings that plaintiff believes applicable." Id.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.).   "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(interior quotation marks and citations omitted).  General or conclusory

objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" DiPilato, 662 F. Supp. 2d at 339–40 (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

To the extent plaintiff objects to Magistrate Judge Hummel's recommendations, he lodges general objections that require only clear error review. After conducting this review, the Court finds no clear error underlying the recommendations. Further, when conducting a *de novo* review of Magistrate Judge Hummel's recommendations, the Court adopts those recommendations for the reasons stated in the September 4, 2018 Report-Recommendation and Order.

## IV. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Hummel's September 4, 2018 Report-Recommendation and Order (Dkt. No. 4) in its entirety. Accordingly, it is hereby

**ORDERED** that plaintiff's complaint (Dkt. No. 1) is **DISMISSED**, and that:

(1) Insofar as plaintiff sets forth claims under title 11, § 216 of the New York Codes,

Rules and Regulations or New York Insurance Law section 2601, these claims are **DISMISSED WITH PREJUDICE**;

(2) Insofar as plaintiff sets forth claims under New York Insurance Law section 3420, these claims are **DISMISSED WITHOUT PREJUDICE** and with the opportunity to amend to specify whether plaintiff has a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims;  and it is further

**ORDERED** that plaintiff is provided thirty (30) days from the date of this Decision and Order in which to file an amended complaint.  Plaintiff is advised that an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure**; and, it is further

**ORDERED** that should plaintiff fail to file an amended complaint within thirty (30) days from the date of this Decision and Order, plaintiff's Complaint (Dkt. # 1) will be **DISMISSED** pursuant to 28 U.S.C. § 1915 for failure to state a claim and the matter will be closed without further action by the Court.

**IT IS SO ORDERED.**

Dated:  October 19, 2018

Thomas J. McAvoy
Senior, U.S. District Judge

4