**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN EDWARD BOWE,

                                Plaintiff,

    v.                                                    No. 8:18-CV-0992
                                                          (TJM/CFH)

TOM WILSON, Chairman, CEO, President,
Allstate Insurance; ALLSTATE INS. CORP.,

                                Defendants.

---

**APPEARANCES:**                                   **OF COUNSEL:**

John Edward Bowe
61 Hopkinton Lane #203
Au Sable Forks, New York 12912
Plaintiff pro se

Lewis, Johs Law Firm                          KAREN M. BERBERICH, ESQ.
One CA Plaza
Suite 225
Islandia, New York 11749
Attorney for defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff pro se John Edward Bowe commenced this action on August 17, 2018 against defendants Allstate Insurance Corporation ("Allstate") and Tom Wilson, Chairman, CEO, and President of Allstate. See Dkt. No. 1. Presently pending before the Court is a review of plaintiff's second amended complaint. Dkt. No. 9.

## I. Background

Following an initial review of the complaint pursuant to 28 U.S.C. § 1915(e), the undersigned granted plaintiff's In Forma Pauperis ("IFP") application and recommended that, to the extent that (1) plaintiff set forth claims under title 11, § 216 of the New York Codes, Rules and Regulations or New York Insurance Law § 2601, these claims be dismissed with prejudice; and (2) plaintiff set forth claims under New York Insurance Law § 3420, these claims be dismissed without prejudice and with opportunity to amend to specify whether plaintiff has a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims. Dkt. No. 5 at 7. The undersigned further recommended that, should the District Judge adopt the Report-Recommendation and Order, plaintiff be given thirty days from the date of the Order adopting the Report-Recommendation and Order to file an amended complaint in order to cure the deficiencies identified in the Report-Recommendation and Order. Id.

On October 19, 2018, Senior District Judge Thomas J. McAvoy adopted the Report-Recommendation and Order in its entirety. Dkt. No. 6. In the Order, Judge McAvoy advised plaintiff that should he file an amended complaint, the "amended complaint supersedes in all respects the prior pleading," and that the amended complaint "must properly allege in the amended complaint all factual bases for all claims asserted therein." Id. at 4. On October 24, 2018, plaintiff filed an amended complaint. Dkt. No. 7. That same day, defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 8. On

2

November 19, 2018, plaintiff filed a second amended complaint. Dkt. No. 9 ("Sec. Am. Compl."). On November 27, 2018, Judge McAvoy issued a text order stating that, "[i]n light of the filing of Plaintiff's 2nd Amended Complaint, the Defendants' Motion to Dismiss is deemed MOOT." Dkt. No. 11. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned will assess the second amended complaint to determine whether it states a claim upon which relief can be granted. Dkt. No. 9.

### 1. Additional Factual Background[1]

Plaintiff alleges that since on or about December 20, 2016, he has requested payment of the $100,000 liability amount of the insured's insurance policy with Allstate. Sec. Am. Compl. ¶ 1. Plaintiff claims that defendant Wilson is "causing [his] on going [sic] permanent conditions to worsen and is prolonging worsening pain from multiple permanent injuries." Id. ¶ 3. Plaintiff has gone over 1100 days without a "proper nights [sic] sleep due to pain," and has attended over seventy medical appointments. Id. ¶¶ 3, 4. Defendant Wilson "is further causing Plaintiff to request that the damages Tom Wilson and Allstate Insurance Corporation continues to cause be included in judgment at trial of Allstate's insured, case no. CV18-0430 filed in Essex County, New York." Id. ¶ 5. Defendants' failure to release the $100,000 liability amount has prevented plaintiff from paying outstanding medical bills and purchasing a new car and prescription glasses. Id. ¶¶ 6-10. Plaintiff claims that defendants "directly caused" his "worsening medical conditions" by

---

[1] For a full review of the facts alleged in this matter, reference is made to this Court's prior Report-Recommendation and Order (Dkt. No. 5) and to the second amended complaint. Dkt. No. 9.

3

failing to release the uncontested liability funds.  Id. ¶ 11.

## II. Review of the Second Amended Complaint[2]

In the September 24, 2018 Report-Recommendation and Order, the undersigned recommended that plaintiff be granted the opportunity to amend his complaint to specify whether he obtained a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims. Dkt. No. 5 at 7.  Plaintiff's Second Amended Complaint does not identify the New York State statute or regulation under which he attempts to bring his claims.  To the extent that plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and attempts to set forth a claim under § 3420 of the New York State Insurance Law, plaintiff's submission does not cure the defect.

> In order to state a claim under Section 3420(a)(2), a victim must show: "(1) a judgment against the insured; (2) a thirty-day waiting period, measured from service of notice of entry, during which the judgment remains unsatisfied; (3) an action against the insurer maintained by the person who obtained the judgment; and (4) [that] the amount of the judgment [does not] exceed the applicable limit of coverage under the insurance policy."

Ling v. Erie Ins. Co., No. 16-CV-5281 (VEC), 2017 WL 3084420, at *5 (S.D.N.Y. July 19, 2017) (quoting NAP, Inc. v. Shuttletex, Inc., 112 F. Supp. 2d 369, 373 (S.D.N.Y. 2000)). "Compliance with these requirements is a condition precedent to a direct action against the insurance company."  Garcia v. Nat'l Contractors Ins. Co., Inc., No. 15-CV-1332

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

4

(CBA)(MDG), 2015 WL 7016968, at *2 (E.D.N.Y. Nov. 12, 2015) (internal quotation marks and citation omitted). Although plaintiff references pending state court litigation against the insured, plaintiff states that this is an "ongoing civil suit" in Essex County Court. Sec. Am. Compl. at 11. Because there is no indication that plaintiff received a final judgment against the insured in his state court case, plaintiff has failed to comply with the requirements of § 3420, and, therefore, may not seek a declaratory judgment against the insurance company pursuant to 28 U.S.C. § 2201. See Garcia, 2015 WL 7016968, at *2 ("Garcia did not comply with these requirements because the underlying action was still pending when he filed his complaint and when the Court dismissed this action on the record at oral argument."); Zyburo v. Continental Cas. Co., 60 F. Supp. 3d 531, 534 (S.D.N.Y. 2014) ("If plaintiff does not present a valid cause of action, as determined by state law, then this Court has no authority to issue a declaratory judgment remedy.") (citation omitted); Murphy v. Federal Ins. Co., No. 04CIV01699LTSTHK, 2005 WL 957410, at *2 (S.D.N.Y. Apr. 22, 2005) ("Under Section 3420, as interpreted by the New York Court of Appeals, this Court concludes that Plaintiffs' claims are premature. Having failed to obtain a judgment in the underlying action, Plaintiffs lack standing to seek a declaratory judgment against Defendant Federal Insurance Company as to the insurance policy at issue."). As such, to the extent that plaintiff attempts to seek a declaratory judgment action against defendants as to the insurance policy at issue, the undersigned finds such action is premature. See Murphy, 2005 WL 957410, at *2.

Accordingly, it is recommended that, to the extent that plaintiff attempts to set forth claims under N.Y. Ins. Law § 3420(a)(2), plaintiff's claims be dismissed without prejudice

5

and with a final opportunity to amend should he be able to demonstrate that he has obtained judgment of liability against the insured party.[3]  Should plaintiff amend and fail to demonstrate that he has obtained a judgment of liability against the insured party, the undersigned will recommend dismissal of this action with prejudice.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**RECOMMENDED**, that plaintiff's second amended complaint (Dkt. No. 9) be **DISMISSED without prejudice** and with a final opportunity to amend should he be able to demonstrate the existence of a judgment of liability against the insured party; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, plaintiff be provided fourteen days from the date of any order adopting this Report-Recommendation and Order to file a third amended complaint, and should plaintiff decline to file a third amended complaint within that time frame, the case be dismissed without further order of the Court; and it is

**ORDERED**, if plaintiff files a third amended complaint within this time frame, the Clerk of the Court return this case to the magistrate judge for review of the third amended complaint to determine whether plaintiff has demonstrated that he has obtained a state

---

[3] Any third amended complaint must be complete pleading which, if accepted by the Court for filing, will supersede and replace the original complaint in its entirety; thus, the third amended complaint becomes the operative pleading and the second amended complaint is no longer considered. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994) ).

court judgment of liability against the insured party; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[4]

Dated: December 11, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).