**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN EDWARD BOWE,

                           Plaintiff,

     v.                                     No. 8:18-CV-0992 (TJM/CFH)

TOM WILSON, Chairman, CEO, President,
Allstate Insurance; ALLSTATE INS. CORP.,

                           Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

John Edward Bowe
61 Hopkinton Lane #203
Au Sable Forks, New York 12912
Plaintiff pro se

Lewis, Johs Law Firm                       KAREN M. BERBERICH, ESQ.
One CA Plaza
Suite 225
Islandia, New York 11749
Attorney for defendants[1]

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff pro se John Edward Bowe commenced this action on August 17, 2018 against defendants Allstate Insurance Corporation ("Allstate") and Tom Wilson, Chairman, CEO, and President of Allstate. See Dkt. No. 1. Presently pending before

---

[1] On November 19, 2018, defendants filed a motion to dismiss this action, which this Court deemed moot in light of plaintiff's filing of the second amended complaint. Dkt. Nos. 8, 11. On November 29, 2018, counsel filed a Notice of Appearance in this action. Dkt. No. 12. The undersigned notes that as of this Report-Recommendation and Order plaintiff has not had a complaint accepted for filing pursuant to Section 1915, and defendants have not been formally served with the summons and complaint. Thus, although defendants have appeared, no action is required of them at this time.

the Court is a review of plaintiff's third amended complaint. Dkt. No. 15 ("Third Am. Compl.").

## I. Background

Following an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), the undersigned granted plaintiff's In Forma Pauperis ("IFP") application and recommended that, to the extent that (1) plaintiff attempted to set forth claims under title 11, § 216 of the New York Codes, Rules and Regulations or New York Insurance Law § 2601, these claims be dismissed with prejudice; and (2) plaintiff attempted to set forth claims under New York Insurance Law § 3420, these claims be dismissed without prejudice and with opportunity to amend to specify whether plaintiff had obtained a judgment against the insured party, or, alternatively, to identify the proper New York State statute or regulation under which he attempted to bring his claims. Dkt. No. 5 at 7.

On October 19, 2018, Senior District Judge Thomas J. McAvoy adopted the Report-Recommendation and Order in its entirety. Dkt. No. 6. In the Order, Judge McAvoy advised plaintiff that should he file an amended complaint, the "amended complaint supersedes in all respects the prior pleading," and that the amended complaint "must properly allege in the amended complaint all factual bases for all claims asserted therein." Id. at 4. On October 24, 2018, plaintiff filed an amended complaint. Dkt. No. 7. That same day, defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

2

("Fed. R. Civ. P."). Dkt. No. 8. On November 19, 2018, plaintiff filed a second amended complaint. Dkt. No. 9 ("Sec. Am. Compl."). On November 27, 2018, Judge McAvoy issued a text order stating that, "[i]n light of the filing of Plaintiff's 2nd Amended Complaint, the Defendants' Motion to Dismiss is deemed MOOT." Dkt. No. 11.

On December 11, 2018, after a review of plaintiff's second amended complaint pursuant to Section 1915(e)(2), the undersigned recommended that plaintiff's claims be dismissed without prejudice and with a final opportunity to amend should he be able to demonstrate the existence of a judgment against the insured party. Dkt. No. 13. On January 2, 2019, plaintiff filed objections to the undersigned's Report-Recommendation and Order. Dkt. No. 14. That day, plaintiff filed a third amended complaint. Dkt. No. 15. On January 9, 2019, Judge McAvoy adopted the Report-Recommendation and Order in its entirety. Dkt. No. 16. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned will now assess the third amended complaint to determine whether it states a claim upon which relief can be granted.

### 1. Additional Background Information[2]

Plaintiff continues to allege that since on or about December 20, 2016, he has requested payment of the $100,000.00 liability coverage from the insured's policy with defendant Allstate Insurance Corp. Third Am. Compl. ¶ 1. Plaintiff alleges that his medical conditions from the injuries sustained in the alleged August 20, 2015 incident

---

[2] For a full review of the facts alleged in this matter, reference is made to the third amended complaint (Dkt. No. 15).

3

"have been exacerbated from over 1200 days without proper sleep due to pain." Id. ¶ 2. Plaintiff notes that he has been unable to obtain the proper medical treatment due to his inability to afford co-payments and related medical expenses. See id. ¶ 3. Plaintiff alleges that "Tom Wilson and Allstate Insurance Corporation [are] causing serious medical deterioration and immediate irreparable harm." Id. ¶ 5. Plaintiff contends that he is in "serious pain (worsening rapidly) distress under extreme stress due to [defendants'] (in)actions." Id. ¶ 11.

## II. Review of the Third Amended Complaint[3]

In the December 11, 2018 Report-Recommendation and Order, the undersigned recommended that plaintiff be granted a third and final opportunity to amend his complaint to specify whether he obtained a judgment against the insured party. Dkt. No. 13 at 5-6. Plaintiff's submission fails to cure this defect as there is no indication that plaintiff obtained a state court judgment against the insured. As the undersigned set forth in his September 24, 2018 and December 11, 2018 Report-Recommendation and Orders, a judgment against the insured "is a condition precedent to a direct action against the insurance company." Garcia v. Nat'l Contractors Ins. Co., Inc., No. 15-CV-1332 (CBA)(MDG), 2015 WL 7016968, at *2 (E.D.N.Y. Nov. 12, 2015) (internal quotation marks and citation omitted); see Dkt. Nos. 4 at 6, 13 at 4-5. In his objections to the undersigned's December 11, 2018 Report-Recommendation and Order, plaintiff

---

[3] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

4

again referenced his pending state court litigation and argued that he "is not claiming anything under Section 3420 at this time as state court proceedings are pending."[4] Dkt. No. 14 at 3. The undersigned notes that plaintiff states earlier in his objections that his negligence suit against the insured was "adjudicated in the proper venue in Essex County Court," and that "[t]he judgment that [was] awarded . . . is over and above the liability amount of the insurance policy." Id. Therefore, as plaintiff states both that state court proceedings are pending and that he has been awarded a "judgment," it is unclear whether plaintiff's state court proceeding is pending or whether he has received a final judgment as is required under New York Insurance Law in order to commence an action before this court seeking payment under the insurance policy. Plaintiff appears to understand that, insofar as he attempts to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 or state a claim under Section 3420 of the New York State Insurance Law, such action would be premature. See Garcia, 2015 WL 7016968, at *2 ("Garcia did not comply with these requirements because the underlying action was still pending when he filed his complaint and when the Court dismissed this action on the record at oral argument.").

Plaintiff further argued in his objections that he commenced this action to obtain "a legal finding regarding the irreparable damage, past, present and continuing that [p]laintiff is being forced to live through." Dkt. No. 14 at 3.[5] To the extent that this

---

[4] Judge McAvoy rejected plaintiff's objections and adopted the undersigned's recommendation. See Dkt. No. 16.

[5] The undersigned is not reconsidering plaintiff's objections that have already been ruled on by Judge McAvoy. However, because this information is not included in the third amended complaint, and in light of special solicitude, the undersigned is looking at plaintiff's arguments in his objections to assess

5

statement may be interpreted as a request for injunctive relief, the undersigned concludes that plaintiff's claim must fail.  To obtain a preliminary injunction, a plaintiff must demonstrate, in part, "either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly in [plaintiff's] favor."  <u>New York v. Shinnecock Indian Nation</u>, 280 F. Supp. 2d 1, 4 (E.D.N.Y. 2003) (citation and internal quotation marks omitted).  Because plaintiff fails to set forth, and the undersigned cannot conceive, the proper New York State statute or regulation or federal statute or constitutional provision underlying his demand, it cannot be said that he has a "likelihood of success on the merits," or poses "sufficiently serious questions going to the merits" of the case.  <u>Id.</u>  Thus, to the extent that plaintiff attempts to bring this action to obtain injunctive relief, such claims are not properly before the Court.  Moreover, it is not clear if this Court has subject matter jurisdiction at this time to award plaintiff's request for injunctive relief.  Plaintiff's third amended complaint seems to request that the Court bypass any state court pending proceeding or judgment regarding the insured's liability, pre-judge his claims, and award him funds pursuant to, and perhaps even beyond, the insurance policy.  <u>See</u> <u>generally</u> Third Am. Compl.  The undersigned notes that it is well-settled that "a federal court cannot interfere with a pending state court proceeding."  <u>Warburton v. Goord</u>, 14 F. Supp. 2d 289, 296 (W.D.N.Y. 1998) (citing <u>Gentner v. Shulman</u>, 55 F.3d 87, 89 (2d Cir. 1995)).  As this Court may not interfere with any pending state court proceeding assessing the insured's liability or

---

whether plaintiff met the condition precedent.

6

damages, it does not have jurisdiction to award plaintiff the requested injunctive relief at this time.

The Court has afforded plaintiff multiple opportunities to amend his complaint to attempt to identify the proper law or regulation under which he attempts to bring his claims or otherwise demonstrate that he has met any conditions precedent of such law. Plaintiff has failed to do so and appears to concede that his state court proceedings are pending, demonstrating that he is unable to seek relief in this Court pursuant to Section 3420.  He now states that he is not seeking to proceed under Section 3420, but fails to set forth a basis for this Court's jurisdiction.  As such, allowing for further amendments would be futile unless and until plaintiff can demonstrate a state court judgment against the insured or identifies another basis for this Court's jurisdiction.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") (citation omitted).  Accordingly, it is recommended that plaintiff's claims be dismissed without prejudice to his seeking to commence a new action in the future should he be able to demonstrate that he has obtained a final state court judgment against the insured, but without leave to file any further amended complaints in this action.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby,

**RECOMMENDED**, that plaintiff's third amended complaint (Dkt. No. 15) be

**DISMISSED without prejudice** to his seeking to commence a new action should he obtain a state court judgment against the insured but without leave to file any further amended complaints in this action[6]; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, this case be administratively closed; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[7]

Dated: March 15, 2019
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6] The undersigned makes no finding as to whether plaintiff would be able to survive the initial review stage should he seek to commence a new action after obtaining a state court judgment against the insured.

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).