UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN EDWARD BOWE,

        Plaintiff,

        v.                                              8:18-CV-0992

TOM WILSON, Chairman, CEO, President,
Allstate Insurance; ALLSTATE INS. CORP.,

        Defendants.
_____
THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff commenced this diversity action *pro se* and moved for leave to proceed *in forma pauperis.* The action is against defendants Allstate Insurance Corporation ("Allstate") and Tom Wilson, Chairman, CEO, and President of Allstate. See Compl., Dkt. No. 1. Plaintiff alleged that on or about August 20, 2015, a motorist insured by Allstate struck him as he was walking in Lake Placid, New York, Compl. at 4, but that his demands of defendants to provide for the release of the $100,000 Allstate liability insurance coverage went unanswered. See Compl. The Hon. Christian F. Hummel, United States Magistrate Judge, granted plaintiff's motion to proceed *in forma pauperis* and conducted an initial review of the claims alleged in plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). See Sept. 4, 2018 Report-Recommendation and Order, Dkt. No. 4. Based on this review, Magistrate Judge Hummel recommended that plaintiff's complaint be dismissed, and that: (1) insofar as plaintiff set forth claims under title 11, § 216 of the New York Codes, Rules

1

and Regulations or New York Insurance Law section 2601, these claims be dismissed with prejudice; and (2) insofar as plaintiff set forth claims under New York Insurance Law section 3420, these claims be dismissed without prejudice and with an opportunity to amend to specify whether plaintiff has a judgment of liability against the insured party, or, alternatively, the proper New York State statute or regulation under which he attempts to bring his claims. Dkt, No. 4, at 7. Magistrate Judge Hummel further recommended that, if the Court adopted these recommendations, plaintiff be given thirty days to file an amended complaint. Id. Plaintiff objected to these recommendations but the Court adopted the September 4, 2018 Report-Recommendation and Order in its entirety. Dkt. No. 6.

On October 24, 2018, plaintiff filed an amended complaint. Dkt. No. 7. That same day, defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 8. On November 19, 2018, plaintiff filed a second amended complaint. Dkt. No. 9 ("Sec. Am. Compl."). On November 27, 2018, the Court issued a text order stating that, "[i]n light of the filing of Plaintiff's 2nd Amended Complaint, the Defendants' Motion to Dismiss is deemed MOOT." Dkt. No. 11.

On December 11, 2018, after a review of plaintiff's second amended complaint pursuant to Section 1915(e)(2), Magistrate Judge Hummel recommended that plaintiff's claims be dismissed without prejudice and with a final opportunity to amend should he be able to demonstrate the existence of a judgment against the insured party. Dkt. No. 13. On January 2, 2019, plaintiff filed objections to the December 11, 2018 Report-Recommendation and Order. Dkt. No. 14. That day, plaintiff filed a third amended complaint. Dkt. No. 15. On January 9, 2019, the Court adopted the December 11, 2018

2

Report-Recommendation and Order in its entirety. Dkt. No. 16.

Magistrate Judge Hummel reviewed the third amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and issued a Report-Recommendation and Order on March 15, 2019. Dkt. No. 17. In conducting this review Magistrate Judge Hummel examined the third amended complaint and plaintiff's previous objections to the Report-Recommendation and Orders. He concluded, *inter alia*, that plaintiff "appears to concede that his state court proceedings are pending, demonstrating that he is unable to seek relief in this Court pursuant to Section 3420. [Plaintiff] now states that he is not seeking to proceed under Section 3420, but fails to set forth a basis for this Court's jurisdiction. As such, allowing for further amendments would be futile unless and until plaintiff can demonstrate a state court judgment against the insured or identifies another basis for this Court's jurisdiction." Dkt. No. 17, at 7; see id. at 4 ("As the undersigned set forth in his September 24, 2018 and December 11, 2018 Report-Recommendation and Orders, a judgment against the insured 'is a condition precedent to a direct action against the insurance company.'")(quoting Garcia v. Nat'l Contractors Ins. Co., Inc., No. 15-CV-1332 (CBA)(MDG), 2015 WL 7016968, at *2 (E.D.N.Y. Nov. 12, 2015)); see also, id., at 6 ("Because plaintiff fails to set forth, and the undersigned cannot conceive, the proper New York State statute or regulation or federal statute or constitutional provision underlying his demand [for injunctive relief], it cannot be said that he has a 'likelihood of success on the merits,' or poses 'sufficiently serious questions going to the merits of the case.'"). Magistrate Judge Hummel recommends that plaintiff's third amended complaint (Dkt. No. 15) be dismissed without prejudice to plaintiff seeking to commence a new action should he obtain a state court judgment against the insured but without leave to file any further amended complaints in this action; and further,

3

if the Court adopts the March 15, 2019 Report-Recommendation and Order, that the case be administratively closed. Dkt. No., 17, at 7-8. Plaintiff filed two nearly identical objections to these recommendations. Dkt. Nos. 18 & 19.

## II.  STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III.  DISCUSSION

Having considered Plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the Court has determined to adopt Magistrate Judge Hummel's recommendations for the reasons stated in his report.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Hummel's March 15, 2019 Report-Recommendation and Order (Dkt. No. 17) in its entirety. Accordingly, it is hereby

**ORDERED** that plaintiff's third amended complaint (Dkt. No. 15) is **DISMISSED**

**without prejudice** to his seeking to commence a new action, or to move to reopen the instant action, should he obtain a state court judgment against the insured, but plaintiff is not given leave to file any further amended complaints in this action until it is reopened;[1] and it is further,

**ORDERED** that this case be administratively closed.

**IT IS SO ORDERED.**

Dated: August 15, 2019

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Like Magistrate Judge Hummel, the undersigned makes no finding as to whether plaintiff would be able to survive the initial review stage should he seek to commence a new action after obtaining a state court judgment against the insured.